UNITED STATES BANKRUPTCY COURT
for the Eastern District of Pennsylvania

|  |  |  |
|---|---|---|
| In re | : | Case No. 19 - 13970 |
| Aubrey Holder | : | (Chapter 13) |
| Debtor. | : | |
| | : | Hon. Ashely M. Chan |
| | : | |

# ORDER

AND NOW, upon consideration of Debtor's Motion to Sell Property Free and Clear of Liens, upon notice to all interested parties, upon the filing, and any responses thereto, and after a hearing before the Court and for good cause shown

Having considered the Motion and all related objections and filings, and evidence submitted by the parties,

THE COURT FINDS THAT:

1. Notice of the Motion was proper and adequate.

2. The Buyer, Ambreen Real Estate Group, LLC (the "Buyer"), acted good faith and are entitled to the protections of Section 363(m) of the Bankruptcy Code.

Based on the foregoing and the findings and conclusions in the record, and good cause appearing therefore,

IT IS HEREBY ORDERED THAT:

a) The notice of the Motion and the hearing thereon is approved as proper and adequate under the circumstances;

b) The Motion to Sell is GRANTED and the sale to Buyer is APPROVED;

c) Debtor is authorized to sell 228 Edgemont Avenue in the Community of Ardmore within Lower Merion Township in the County of Montgomery within the Commonwealth of Pennsylvania 19003-2705 ("The Property") described in the Agreement for Sale of Real Estate (the "Purchase Agreement") to the Buyer;

d)  The Purchase Agreement is hereby and appropriately modified by the following paragraphs;

e)  Buyer shall pay $550,000.00 for The Property and the parties shall pay all of the appropriate closing costs and settlement fees;

f)  In addition and at closing, Debtor shall satisfy the mortgage against The Property, her municipal liens, and her Chapter 13 Plan; and

g)  Pursuant to Section 363(f) of the Bankruptcy Code, effective upon closing, the sale of The Property will vest in the Buyer all right, title, and interest of the Debtor and the bankruptcy estate in the property described in the Purchase Agreement, free and clear of the following liens, claims or interests: (1) the claims of creditors listed on Debtor's bankruptcy schedules, and (2) the claims by parties who have filed claims or requests for special notice with the Court, provided the parties do not assert a lien or interest in The Property.

The title clerk shall fax a completed HUD-l or settlement sheet from the closing directly to the Office of the Chapter 13 Standing Trustee, Scott F. Waterman, Esquire, immediately upon the close of the settlement, and the Trustee shall promptly notify the title company of his approval or objections to the sums to be disbursed. Upon Trustee's approval, the title clerk shall complete closing.

DATE:                                              BY THE COURT:

**Date: June 17, 2022**

Hon. Ashely M. Chan
U.S. Bankruptcy Judge