United States Bankruptcy Court

Eastern District of Pennsylvania

In re:     Case No. 19-13970-amc

Aubrey Holder     Chapter 13

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2    User: admin    Page 1 of 2

Date Rcvd: Jun 17, 2022    Form ID: pdf900    Total Noticed: 5

The following symbols are used throughout this certificate:
**Symbol    Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 19, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Aubrey Holder, 8250 SW 72nd Ct., W323, Miami, FL 33143-4215 |
| cr | + | Montgomery County Tax Claim Bureau, c/o Michael Vagnoni, Obermayer Rebmann Maxwell & Hippel LLP, 1500 Market Street, Suite 3400, Centre Square West Philadelphia, PA 19102-2100 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| smg | | Email/Text: megan.harper@phila.gov | Jun 18 2022 00:13:00 | City of Philadelphia, City of Philadelphia Law Dept., Tax Unit/Bankruptcy Dept, 1515 Arch Street 15th Floor, Philadelphia, PA 19102-1595 |
| smg | | Email/Text: RVSVCBICNOTICE1@state.pa.us | Jun 18 2022 00:13:00 | Pennsylvania Department of Revenue, Bankruptcy Division, P.O. Box 280946, Harrisburg, PA 17128-0946 |
| cr | + | Email/PDF: gecsedi@recoverycorp.com | Jun 18 2022 00:15:14 | Synchrony Bank, c/o PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021 |

TOTAL: 3

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 19, 2022      Signature:     /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 17, 2022 at the address(es) listed below:

**Name**      **Email Address**

| District/off: 0313-2 | User: admin | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Jun 17, 2022 | Form ID: pdf900 | Total Noticed: 5 |

KEVIN G. MCDONALD
 on behalf of Creditor BANK OF AMERICA N.A. bkgroup@kmllawgroup.com

MICHAEL D. VAGNONI
 on behalf of Creditor Montgomery County Tax Claim Bureau michael.vagnoni@obermayer.com
 Lucille.acello@obermayer.com;helen.belair@obermayer.com;coleen.schmidt@obermayer.com;turner.falk@obermayer.com

RONALD G. MCNEIL
 on behalf of Debtor Aubrey Holder r.mcneil1@verizon.net

SCOTT F. WATERMAN (Chapter 13)
 ECFMail@ReadingCh13.com

Scott F Waterman
 on behalf of Trustee SCOTT F. WATERMAN (Chapter 13) ECFMail@ReadingCh13.com

United States Trustee
 USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 6

UNITED STATES BANKRUPTCY COURT
for the Eastern District of Pennsylvania

|  |  |  |
|---|---|---|
| In re | : | Case No. 19 - 13970 |
| Aubrey Holder | : | (Chapter 13) |
| Debtor. | : |  |
|  | : | Hon. Ashely M. Chan |
|  | : |  |

# ORDER

AND NOW, upon consideration of Debtor's Motion to Sell Property Free and Clear of Liens, upon notice to all interested parties, upon the filing, and any responses thereto, and after a hearing before the Court and for good cause shown

Having considered the Motion and all related objections and filings, and evidence submitted by the parties,

THE COURT FINDS THAT:

1. Notice of the Motion was proper and adequate.

2. The Buyer, Ambreen Real Estate Group, LLC (the "Buyer"), acted good faith and are entitled to the protections of Section 363(m) of the Bankruptcy Code.

Based on the foregoing and the findings and conclusions in the record, and good cause appearing therefore,

IT IS HEREBY ORDERED THAT:

a) The notice of the Motion and the hearing thereon is approved as proper and adequate under the circumstances;

b) The Motion to Sell is GRANTED and the sale to Buyer is APPROVED;

c) Debtor is authorized to sell 228 Edgemont Avenue in the Community of Ardmore within Lower Merion Township in the County of Montgomery within the Commonwealth of Pennsylvania 19003-2705 ("The Property") described in the Agreement for Sale of Real Estate (the "Purchase Agreement") to the Buyer;

d)  The Purchase Agreement is hereby and appropriately modified by the following paragraphs;

e)  Buyer shall pay $550,000.00 for The Property and the parties shall pay all of the appropriate closing costs and settlement fees;

f)  In addition and at closing, Debtor shall satisfy the mortgage against The Property, her municipal liens, and her Chapter 13 Plan; and

g)  Pursuant to Section 363(f) of the Bankruptcy Code, effective upon closing, the sale of The Property will vest in the Buyer all right, title, and interest of the Debtor and the bankruptcy estate in the property described in the Purchase Agreement, free and clear of the following liens, claims or interests: (1) the claims of creditors listed on Debtor's bankruptcy schedules, and (2) the claims by parties who have filed claims or requests for special notice with the Court, provided the parties do not assert a lien or interest in The Property.

The title clerk shall fax a completed HUD-l or settlement sheet from the closing directly to the Office of the Chapter 13 Standing Trustee, Scott F. Waterman, Esquire, immediately upon the close of the settlement, and the Trustee shall promptly notify the title company of his approval or objections to the sums to be disbursed. Upon Trustee's approval, the title clerk shall complete closing.

DATE:                                           BY THE COURT:

**Date: June 17, 2022**

Hon. Ashely M. Chan
U.S. Bankruptcy Judge